Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000575
19-SEP-2013
08:31 AM

NO. CAAP-12-0000575

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JERRY HALVORSON, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3P811-0000164)

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Defendant-Appellant Jerry Halvorson appeals from the "Amended Judgment of Conviction & Sentence" filed June 14, 2012 nunc pro tunc to April 18, 2012 in the District Court of the Third Circuit[1] (district court). Halvorson was convicted of criminal property damage in the fourth degree pursuant to Hawaii Revised Statutes (HRS) § 708-823 (Supp. 2012) and sentenced to probation for a term of six months, made to pay restitution, and fined $500.

On appeal, Halvorson contends the district court erred:

(1) in concluding he knowingly and intelligently waived his constitutional right to counsel;

(2) in violating his right to testify when it failed to properly advise him of his right to testify pursuant to Tachibana v. State and ensure whether his waiver of his right to testify was voluntary and knowing; and

---

[1] The Honorable Joseph P. Florendo presided.

(3) in abusing its discretion by precluding his presenting an alibi defense.

On June 5, 2011, Plaintiff-Appellee State of Hawai'i (State) charged Halvorson, via complaint, with the offense of criminal property damage in the fourth degree in violation of HRS §708-823(1). The complaint read as follows:

> On or about the 5th day of June, 2011, in Ka'u, County and State of Hawai'i, [Halvorson], by means other than fire, intentionally or knowingly damaged property of another, sign, without [complaining witness's] consent, thereby committing the offense of [c]riminal [p]roperty [d]amage in the [f]ourth [d]egree, in violation of Section 708-832(1), [HRS], as amended.

On February 16, 2012, Halvorson appeared at the Ka'u District Court for Pretrial Conference where the district court addressed Halvorson's request to waive his right to an attorney. Halvorson executed the Waiver of Right to an Attorney form and answered questions from the district court regarding his right to an attorney and his decision to proceed pro se. The following exchange occurred:

> THE COURT: Okay. Mr. Halvorson, did you read and understand this waiver of right to attorney?
>
> [HALVORSON]: Yes.
>
> THE COURT: And are these your initials in paragraphs one through nine?
>
> [HALVORSON]: Yes.
>
> THE COURT: Is this your signature on the back?
>
> [HALVORSON]: Yes, THE COURT: What is your age?
>
> [HALVORSON]: Sixty-two.
>
> THE COURT: And how many years of education have you received?
>
> [HALVORSON]: Just about twelve.
>
> THE COURT: All right. Have you taken any drugs, alcohol, or medication before you appeared here?
>
> [HALVORSON]: No.
>
> THE COURT: All right. Now, do you understand what the maximum penalty is?
>
> [HALVORSON]: Yes.

> THE COURT:   Do you understand that if you represent
> yourself, you will be required to follow the Court's rules
> and Rules of Procedure and Rules of Evidence --
>
> [HALVORSON]: Yes.
>
> THE COURT:   -- and other directions of the Court?
>
> [HALVORSON]: Yes, sir.
>
> THE COURT:   Do you understand what an attorney is?
>
> [HALVORSON]: Yes.
>
> THE COURT:   An attorney can provide you with information
> and advice, can represent you in court, can raise any defense that
> you might have, and can negotiate with the state to secure a plea
> agreement to dismiss or reduce the charge against you. Do you
> understand?
>
> [HALVORSON]: Yes.
>
> THE COURT:   Do you wish to give up your right to an
> attorney?
>
> [HALVORSON]: Yes, For a defense attorney, yes.
>
> THE COURT:   All right. Is anyone forcing you to do this?
>
> [HALVORSON]: No.

After the district court's colloquy, it made the

following findings:

> THE COURT:   All right. The Court will find that
> [Halvorson] has knowingly and voluntarily waived his right to
> counsel.  I'll find the plea negotiations closed, so I
> won't permit any further plea agreement.  The trial will be
> for the offense that is charged.

The district court went on to advise Halvorson to

"disclose to the [S]tate any defenses that you may wish to raise

at trial and include a list of any proposed witnesses that you

plan to call, together with contact information for those

witnesses."  The district court also warned Halvorson, "if you

don't disclose to the [S]tate your defenses and your witnesses,

the [district court] may impose sanctions upon you. . . . And the

[district court] may not allow you to present witnesses or

evidence, particularly if they're brought to court at the last

minute."

This court, in State v. Dickson, 4 Haw. App. 614, 673

P.2d 1036 (1983), set forth the following requirements when a

3

defendant waives his right to counsel and elects to proceed pro se:

> The trial court should first examine the particular facts and circumstances relating to the defendant, such as the defendant's age, education, mental capacity, background and experience, and his conduct at the time of the alleged waiver. This is necessary to allow the trial court to determine the level and depth to which its explanation and inquiry must extend.

> Secondly, in order to fully assure that the defendant is informed of the risks of self-representation, the trial court should make him aware of the nature of the charge, the elements of the offense, the pleas and defenses available, the punishments which may be imposed, and all other facts essential to a broad understanding of the whole matter.

> Finally, the trial court should inform the defendant: of his right to counsel, whether private or appointed, that self-representation is detrimental to himself; that he will be required to follow all technical rules and substantive, procedural, and evidentiary law; that the prosecution will be represented by able counsel; that a disruption of the trial could lead vacation of the right to self-representation; and that if voluntary self-representation occurs, the defendant may not afterward claim that he had inadequate representation.

> The trial judge is not required to give the defendant a short course in criminal law and procedure, since a defendant's technical legal knowledge is not relevant to an assessment of his knowing exercise of the right to defend himself. However, the record should reflect some interchange on the above matters such as will indicate to a reviewing court that the defendant knew and understood the dangers and disadvantages of self-representation.

> Those matters, which we shall call here "specific waiver inquiry" factors, provide a guideline for the trial court in dealing with a demand for waiver of counsel. The record need not reflect a discussion between the court and a defendant illuminating every such factor. However, where the record fails to reflect that the trial court has sufficiently examined the defendant so as to establish that he is aware of the dangers and disadvantages of self-representation, or that the defendant has made a knowing and intelligent waiver, an appellate court will be hard-pressed to find that a defendant has effectively waived counsel. In such situations, the conviction of a *pro se* criminal defendant is vulnerable to reversal unless the record also contains overwhelming circumstantial evidence indicating that the requirements of a knowing and intelligent waiver have otherwise been met.

Id. at 619-21, 673 P.2d at 1041-42 (citations and footnote omitted).

In this case, the district court failed to inform Halvorson about the elements of the offense, the pleas and

4

defenses available to him, and the possible penalties against him. The district court inquired about Halvorson's age, education, and any barriers to a clear understanding of the proceeding; however, it did not ask about Halvorson's contacts with the criminal justice system. Halvorson had told the district court "I'm not good at this court stuff" during the Pretrial Conference prior to the waiver of counsel. It does not appear from the record that Halvorson had any familiarity with the judicial system, and the district court failed to make an inquiry as to Halvorson's background and experience with the judicial system.

The district court also failed to inform Halvorson of the possible defenses available to him, except for the fact that the State had the burden of proving the charges beyond a reasonable doubt. The district court was made aware of one possible defense when Halvorson stated, "I could represent myself real easy. I simply wasn't there. And I have a witness." The district court could have informed Halvorson that, in additional to a reasonable doubt defense, an alibi defense would be available to him.

In *Dickson*, we held:

> the record does not show that the trial judge sufficiently informed Defendant of the dangers and disadvantages of proceeding *pro se*, or made sufficient inquiry into his awareness thereof. Although the record indicates that the court and Defendant discussed the latter's right to counsel . . . the record does not show that the court made an adequate "specific waiver inquiry" to satisfy the requirement that the Defendant be sufficiently made aware of the pitfalls of proceeding *pro se* so as to indicate a knowing and intelligent waiver.

*Id.* at 622, 673 P.2d at 1043

This is also the case here. The error by the district court in failing to inform Halvorson of the dangers and disadvantages of self-representation was not harmless beyond a reasonable doubt. In *Dickson*, we held:

> notwithstanding the error of the trial judge to adequately inform the defendant of the dangers and disadvantages of self-representation, where there is no reasonable possibility that the error affected the outcome of the

trial, the error is considered harmless beyond a reasonable doubt and the conviction will stand. However, the error is presumed to be prejudicial and the State must rebut that presumption and prove that the error was harmless beyond a reasonable doubt.

Id. at 623, 573 P.2d at 1043 (citations omitted). The State made no attempt to show such error was harmless.

CONCLUSION

The "Amended Judgment of Conviction & Sentence" filed June 14, 2012 nunc pro tunc to April 18, 2012 in the District Court of the Third Circuit is vacated and this case is remanded to the district court. Halvorson's other points on appeal are moot.

DATED: Honolulu, Hawai'i, September 19, 2013.

On the briefs:

Page C. Kraker
Deputy Public Defender
for Defendant-Appellant.

Linda L. Walton
Deputy Prosecuting Attorney,
County of Hawai'i
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6